WEIMER, J., would grant.
CRICHTON, J., would grant for the reasons assigned by Justice Genovese.
GENOVESE, J., would grant and assigns reasons.
GENOVESE, J., would grant and assigns the following reasons:
This case involves a summary judgment in connection with a suit on a $1,000,000.00 promissory note executed by defendant, Vista Louisiana, LLC ("Vista"), and sold by the Federal Deposit Insurance Corporation to plaintiff, SBN V FNBC LLC, when First NBC Bank closed and was placed in receivership.
I found error by the lower courts in the granting of plaintiff's motion for summary judgment when the non-mover (defendant) has outstanding discovery requests and is precluded from adequate discovery. There were approximately four months from the date of filing suit to the date of the hearing on plaintiff's motion for summary judgment.
Louisiana Code of Civil Procedure Article 966(A)(3) calls for "an opportunity for adequate discovery" before granting a motion for summary judgment. Four months is hardly a sufficient amount of time to conduct adequate discovery. Additionally, the trial court ruled on plaintiff's motion for summary judgment while defendant's discovery requests (interrogatories, production of documents, and admissions of *1248 fact) were still outstanding and subsequently denied defendant a continuance.
I find the trial court "jumped the gun" in granting a summary judgment without affording the non-mover an opportunity for adequate discovery and while there were outstanding discovery requests. Additionally, the trial court employed the wrong summary judgment standard when it clairvoyantly stated: "No amount of additional discovery on Vista's asserted defense would create a genuine issue as to which reasonable persons could disagree." Louisiana Code of Civil Procedure Article 966(A)(3) sets forth the summary judgment standard and states that a motion for summary judgment shall be granted when there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law, not when there is a genuine issue as to "which reasonable persons could disagree." Summary judgment has taken over the procedural spotlight and is a critical procedural tool in civil litigation. Therefore, it is imperative that the rules be strictly construed and closely followed.
For these reasons, I would grant this writ, reverse the lower courts, and deny plaintiff's motion for summary judgment.